UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, ) | |
|                    Plaintiff, ) | |
| v.  ) | Civil No. |
| Fifteen Thousand Five Hundred Fifteen Dollars ) ($15,515.00) in U.S. Currency, more or less, seized ) from Evelyn Gomez, ) | JURY TRIAL REQUESTED |
|                    Defendant *in rem.* ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*,
FOR PROPERTY WITHIN THE UNITED STATES' POSSESSION, CUSTODY
OR CONTROL PURSUANT TO SUPPLEMENTAL RULE G**

Plaintiff, United States of America, brings this Complaint under Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

## NATURE OF THE ACTION

This is an action to forfeit and condemn to the use and benefit of the United States of America the captioned defendant *in rem*, for violations of 21 U.S.C. § 881(a)(6).

## JURISDICTION AND VENUE

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper in this district pursuant to 28 U.S.C. §§ 1395 and 1355(b)(1).

## THE DEFENDANT *IN REM*

The defendant *in rem* is: Fifteen Thousand Five Hundred Fifteen Dollars ($15,515.00) in U.S. Currency, more or less, seized from Evelyn Gomez. The defendant *in rem* is currently in the custody of the United States Marshals Service.

## **FACTS**

1. On May 27, 2019, a New Hampshire State Police trooper stopped a vehicle for speeding and committing an unsafe lane change on Interstate 95 in Portsmouth, New Hampshire. Evelyn Gomez ("Gomez") was the driver of the vehicle. Her two minor children were passengers. The registered owner of the vehicle, Christopher Hildreth, was not present.

2. Gomez told the trooper that she was traveling from Lowell, Massachusetts where she had been visiting her boyfriend, Hildreth, and that she was now driving to Maine to visit her family. The trooper asked Gomez if Hildreth was visiting her family, too. She said that he was also traveling to Maine and driving a rental car, but she did not know his whereabouts. Gomez gave vague answers to the trooper's questions and was visibly nervous.

3. The trooper suspected that Hildreth, who has a recent history of drug offenses, was using Gomez as a courier. Route 95 is a major drug corridor.

4. The trooper asked Gomez for permission to search the vehicle, and she agreed and signed a written consent form. During the search, the trooper found a purse that contained a large stack of one hundred dollar bills, held together with elastic bands. There were no bank receipts or bank envelopes with the currency. When the trooper asked Gomez about the source of the currency, she said that it had come from her savings and a tax refund. She told the trooper that she had withdrawn the cash from three different banks, but could only name one. Gomez said she is a bank teller and earns approximately $15 dollars per hour. When asked why she was carrying such a large amount of money, she said that she was thinking about buying a car. The trooper asked her if she was driving to a car dealership, and she said that she was not.

5. Another trooper arrived on the scene, and together the troopers prepared the currency for inspection by a specialized drug detecting K-9 dog, Granite. Granite is trained to detect the

odors of cocaine, heroin, and methamphetamine.  The troopers placed the currency in a large envelope with unrelated papers.  Then they filled two more envelopes with paper.  The first trooper retrieved Granite, while the other trooper placed all three envelopes on the ground in a straight line and equal distances apart.  Granite alerted as she walked by the middle envelope, indicating the presence of narcotic odor inside the envelope.  The currency was inside that envelope.  The trooper contacted DEA, and the responding agent seized the defendant *in rem* $15,515.00.

      6. In 2010, a federal grand jury indicted Hildreth for bank robbery, and he pleaded guilty.  While that case was pending, he admitted to a long-standing addiction to numerous controlled substances, which included his daily use of cocaine and heroin.  Def's Motion for Pre-Trial Release for Substance Abuse Treatment, *U.S. v. Hildreth*, No. 1:10-cr-71-JD (D.N.H. June 11, 2010), ECF No. 8.  His criminal history also includes a misdemeanor conviction for trafficking in scheduled drugs in 2006, a probation violation for drug use in 2015, and a felony conviction for possession of a controlled drug in 2019.

      7. Gomez was arrested in 2014 arrest for possession of narcotic substances.  The court deferred judgment so that she could participate in a drug court program.

## CLAIM FOR FORFEITURE

      8. The allegations contained in paragraphs 1 through 7 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

      9. Title 21, U.S.C. § 881(a)(6) subjects to forfeiture "all moneys … or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or … all proceeds traceable to such an exchange and all moneys … used or intended to be used to facilitate any violation of" the Controlled Substances Act.

10.  The defendant *in rem*, Fifteen Thousand Five Hundred Fifteen Dollars ($15,515.00) in U.S. Currency, more or less, seized from Evelyn Gomez, was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Act.  As a result, the defendant *in rem* is liable for condemnation and forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

Therefore, the United States requests that:

(a)  the Clerk of Court issue a Warrant of Arrest *in Rem*, in the form submitted with this Verified Complaint, to the United States Marshal for the District of New Hampshire, commanding him to arrest the defendant *in rem*;

(b)  this matter be scheduled for a jury trial;

(c)  judgment be entered against the defendant *in rem*;

(d)  the defendant *in rem* be disposed of according to law; and

(e)  this Court grant the United States its costs and whatever other relief to which it may be entitled.

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

Dated:  October 16, 2019      By:   /s/ Robert J. Rabuck
Robert J. Rabuck
NH Bar # 2087
Assistant U.S. Attorney
District of New Hampshire
53 Pleasant Street
Concord, New Hampshire
603-225-1552
rob.rabuck@usdoj.gov

4

## VERIFICATION

I, Timothy J. Keefe, being duly sworn, depose and say that I am a Task Force Officer with the United States Department of Justice, Drug Enforcement Administration, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *in rem* and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the controlled substances laws of the State of New Hampshire and of the United States.

/s/ Timothy J. Keefe
Timothy J. Keefe

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Subscribed and sworn to before me this 16th day of October 2019.

/s/ Francine Doucette Conrad
Notary Public

My commission expires:  March 27, 2024

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other<br><br>**LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE                                    SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America,          )<br>                                                  )<br>                    Plaintiff,        )<br>                                                  )<br>                    v.                    )<br>                                                  )<br>Fifteen Thousand Five Hundred Fifteen Dollars  )<br>($15,515.00) in U.S. Currency, more or less, seized  )<br>from Evelyn Gomez,                )<br>                                                  )<br>                    Defendant *in rem.*    )<br>_____ ) | Civil No. |

**SUMMONS AND WARRANT OF ARREST IN REM
FOR ISSUANCE BY THE CLERK OF COURT FOR PROPERTY
WITHIN THE UNITED STATES' POSSESSION, CUSTODY OR CONTROL
<u>PURSUANT TO SUPPLEMENTAL RULE G(3)(b)(I)</u>**

To the Drug Enforcement Administration, or any duly authorized Federal Law Enforcement Officer for the District of New Hampshire:

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, a Verified Complaint for Forfeiture *in rem* has been filed on October 16, 2019, in the U.S. District Court for the District of New Hampshire, alleging that the defendant *in rem*, $15,515.00 in U.S. Currency, more or less, seized from Evelyn Gomez, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

YOU ARE, THEREFORE, COMMANDED to seize the captioned defendant *in rem*, and use discretion and whatever means appropriate to protect and maintain the property pending the outcome of this action;

IT IS FURTHER ORDERED that the Drug Enforcement Agency shall maintain custody of the defendant *in rem* until further order of this Court, and shall use his discretion and whatever means appropriate to protect and maintain said defendant *in rem*;

IT IS FURTHER ORDERED that the United States shall serve upon all potential claimants to the defendant *in rem*, a copy of this Summons and Warrant of Arrest *in rem*, and the Verified Complaint for Forfeiture *in rem*, in a manner consistent with the principles of service of process in an action *in rem* under Supplemental Rule G and other Supplemental Rules for Certain Admiralty and Maritime Claims and Title 18, United States Code, Section 983(a);

IT IS FURTHER ORDERED that a return of this Summons and Warrant of Arrest *in rem* shall be promptly made to the Court, identifying the individuals upon whom copies were served and the manner employed; and

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendant *in rem* shall file their verified claim within thirty-five (35) days after the date on which they were sent the Notice of Complaint or the final publication of notice of the filing of the Complaint, whichever is earlier, or within such additional time as the Court may allow, pursuant to Title 18, United States Code, Section 983(a)(4) and Rule G(4)(b)(ii)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their answer to the Complaint within twenty-one (21) days after the filing of their verified claim, pursuant to Rule G(4)(b)(ii)( C) of the Supplemental Rules for Certain Admiralty and Maritime Claims, with the Office of the Clerk, United States District Court for the District of New Hampshire, with a copy sent to Assistant United States Attorney Robert J. Rabuck, United States Attorney's Office, District of New Hampshire, 53 Pleasant Street, Concord, NH  03301.

Dated:

                                                    DANIEL J. LYNCH, CLERK